# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DOROTHY CAROL JONES a/k/a DOROTHY CAROL LOBDELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| | CASE NO. 1:16-cv-02522 |
| v. | |
| MED-BILL CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, DOROTHY CAROL JONES ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of MED-BILL CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection activity.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and the majority of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 50 year old natural person residing at 26 South Warman Ave., Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff suffers from a variety of physical ailments including heart failure, stomach ulcers and a pancreatic mass. Due to her medical conditions, she is unable to work and is in the process of applying for permanent disability income through the Social Security Administration.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant is "a full service EMS billing and collection service.[1] Operating from its headquarters located at 8646 Castle Park Drive, Indianapolis, Indiana, Defendant is in the business of collecting delinquent consumer debts of others, including a debt allegedly owed by Plaintiff.

8. Defendant is an Indiana corporation that is registered with the Indiana Secretary of State under business identification number 2005122700723.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector.[2]

## FACTS SUPPORTING CAUSES OF ACTION

11. As a result of her poor health, Plaintiff has amassed a large amount of medical debt owed to various healthcare providers that she has not been able to satisfy. As a result, she regularly receives numerous calls and correspondences from various parties seeking payment from her.

---

[1] http:// www.emsmedbill.com/about-us/about-med-bill
[2] http:// www.emsmedbill.com

12. Some of her medical conditions have lead to episodes requiring ambulance transport to a hospital.

13. On or around February 11, 2016, Plaintiff was caused to be sent a collection correspondence from Defendant attempting to collect on an alleged debt ("subject consumer debt"). *See* Attached Exhibit A is a true and correct photocopy of the collection correspondence dated February 11, 2016.

14. The collection correspondence was addressed to Dorothy Lobdell, Plaintiff's previous married name which has since changed. *See* Exhibit A.

15. The collection correspondence includes the name of the alleged original creditor, Decatur Township Fire Department, as well as a Patient ID. *Id*.

16. The collection correspondence alludes many times to Plaintiff's ability to pay "LESS THAN YOU OWE," as well as a promise to "stop ALL further collection activity once you have paid your settlement in full. This includes negative credit reporting, collection letters & calls." *Id.*

17. Nowhere on the collection correspondence does it list any outstanding balance amount, date of service or any other identifying information of the alleged subject consumer debt. *Id.*

18. The February 11, 2016 communication caused Plaintiff to question the validity of Defendant's right to collect on the subject consumer debt.

19. Confused by the collection correspondence and concerned with her rights, Plaintiff reached out to CLP.

20. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

21. Plaintiff has suffered economic harm as a result of Defendant's collection actions.

22. Plaintiff has been unfairly misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt; The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. §§1692e, e(2)(A), and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

25. Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), and f in its collection correspondence dated February 11, 2016. By failing to include the outstanding balance of the alleged subject consumer debt or the date of service the alleged debt was accumulated, Defendant intentionally misled Plaintiff as to the character, amount, and legal status of the alleged debt. Plaintiff had no contractual relationship with Defendant making her justifiably confused and skeptical as to the validity of the debt Defendant was attempting to collect.

26. As a sophisticated and experienced debt collector, Defendant knows the angst and confusion an unsophisticated consumer can experience when they receive collection correspondence. Defendant attempted to hide the ball with regards to the amount and character of the debt in an effort to coerce Plaintiff into paying the full phantom balance.

27. The above described conduct is prohibited under the FDCPA. As plead in paragraphs 18 through 22, Plaintiff was harmed by Defendant's misleading communication.

WHEREFORE, Plaintiff, DOROTHY CAROL JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 22, 2016

Respectfully Submitted,

s/ David S. Klain
David S. Klain, Esq. #66305
Daniel M. Spector, Esq. #6301224
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
Daniel.s@consumerlawpartners.com
davidklain@aol.com